UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PHILLIP G. HARPER,

    Plaintiff,

v.                                              Case No. 3:22-cv-982-BJD-PDB

B.R. CLEMENS,

    Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Phillip G. Harper, an inmate of the Florida penal system, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff provides very little information in his complaint about his claims, but he filed exhibits that illuminate at least the factual background. Plaintiff alleges Defendant Clemens searched bunk R1-113—which belonged to another inmate—and found two JP6 tablets, which resulted in two disciplinary charges against Plaintiff: one for "tablet regulation violation"; and another for destruction of state property.[1] *See* Doc. 1-1 at 2, 10; Doc. 1-2 at 2, 10. Plaintiff was found guilty on both charges. Doc. 1-1 at 11; Doc. 1-2 at 11.

---

[1] One tablet had been destroyed. Doc. 1-2 at 10.

Plaintiff contends the charges were baseless because, a week before the search, his tablet (he mentions only one) was stolen and the inmate who stole it uploaded unauthorized content, for which Plaintiff was blamed and charged. Doc. 1-1 at 2. Plaintiff does not mention whether he reported the other tablet stolen or missing. In the disciplinary reports, Defendant Clemens noted he found the tablets during a search of bunk R1-113, though Plaintiff was assigned to bunk R1-114L. *Id.* at 10; Doc. 1-2 at 10. However, according to Clemens, Plaintiff claimed ownership of both tablets. Doc. 1-1 at 10; Doc. 1-2 at 10. Plaintiff contends that, instead of charging the other inmate with theft, he incurred disciplinary charges, lost gain time, had a lien placed on his account, and was suspended from using the kiosk. *Id.* As relief, he seeks compensation for his time spent in disciplinary confinement and for the lien. *Id.* at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff asserts violations of the Eighth and Fourteenth Amendments (due process), though he does not explain what facts support each claim. Doc. 1 at 3. Primarily, he contests the disciplinary charges and the findings of the disciplinary panels. To the extent Plaintiff challenges the results of the disciplinary hearings on charges that have not been overturned or expunged, such a claim is not cognizable in a civil rights action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[A] claim for declaratory relief and money damages,

3

based on allegations . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983.").

To the extent Plaintiff suggests his placement in disciplinary confinement amounted to cruel and unusual punishment under the Eighth Amendment, or that he was denied due process with respect to the disciplinary charges brought against him, he fails to state a plausible claim for relief under either theory.

To state a claim that his conditions of confinement violated the Eighth Amendment, a prisoner must allege the defendant was deliberately indifferent to conditions that were "sufficiently serious." *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." *Id.* at 1289. Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. *Id.*

Plaintiff asserts no facts suggesting he was forced to endure "sufficiently serious" conditions while in disciplinary confinement or, that if he was, Defendant Clemens knew of those conditions but was deliberately indifferent to them. *See id.* In fact, Plaintiff does not describe the conditions he experienced while in disciplinary confinement. Simply being placed in

disciplinary confinement for a couple months—even if the disciplinary charges allegedly were false or baseless—does not amount to an Eighth Amendment violation. *See, e.g.*, *Roberts v. Pichardo*, No. 11-13378-C, 2012 WL 12109911, at *2 (11th Cir. June 1, 2012) (holding the plaintiff did not state a plausible Eighth Amendment claim where he alleged he was placed in disciplinary confinement for three years but did not allege he was deprived of "the minimal civilized measures of life's necessities" or was "at risk of serious damage to his health or safety").[2] *See also Wagner v. Smith*, No. 5:06-cv-11-MCR-EMT, 2006 WL 2482782, at *3 (N.D. Fla. Aug. 25, 2006) ("[T]he filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation."). Because Plaintiff does not allege he endured unconstitutional conditions of confinement, he fails to state a plausible Eighth Amendment claim.

Plaintiff also does not allege a due process violation to sustain a claim under the Fourteenth Amendment. The imposition of disciplinary confinement itself does not trigger due process protections. *Sandin v. Conner*, 515 U.S. 472, 486 (1995) ("[D]iscipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a

---

[2] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1061 (11th Cir. 2022).

liberty interest."). Additionally, a prisoner does not have a right to be free from false or untruthful accusations by prison officials. *See Edwards*, 520 U.S. at 648. But a prisoner does have a protected liberty interest in any accumulated good time credits or gain time and, thus, is entitled to minimal due process protections before such credits may be revoked. *See O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974). The minimal due process protections to which a prisoner is entitled are "(1) advance written notice of the charges against [him]; (2) an opportunity … to call witnesses and present documentary evidence … and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action." *Id.*

A review of the disciplinary reports Plaintiff filed with his complaint shows he lost 99 days of gain time on the charge of destruction of property. Doc. 1-2 at 10-11. However, Plaintiff does not allege he was denied due process at the disciplinary hearing on this charge. And, according to the records Plaintiff himself provides, Plaintiff was notified of the charges in advance of the hearing, afforded an opportunity to present evidence, and provided with a written report summarizing the basis for the decision. *Id.* At the hearing, Plaintiff "declined" an offer of staff assistance. *Id.* at 11. He also had an opportunity to—and did—appeal the decision. *Id.* at 3-9. Moreover, upon

6

review of the disciplinary report and other records, there was some evidence to support the panel's decision. *See id.* at 7, 11.

As to the charge that did not result in a loss of gain time, even if Plaintiff disputes the factual basis for the charge, he alleges no facts indicating he was subjected to conditions so severe that they imposed upon him a significant hardship in comparison to the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 484. Moreover, the evidence Plaintiff offers shows he received advance written notice of the charges, had an opportunity to present witnesses and evidence—though he declined to do so—and received written notification of the decision. *See* Doc. 1-1 at 7, 10.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of October 2022.

                                                                          *[signature: Brian J. Davis]*
                                                                          BRIAN J. DAVIS
                                                                          United States District Judge

Jax-6
c:      Phillip G. Harper